**BANK OF HEFLIN, an Alabama Banking Corporation, Plaintiff-Appellee,**

v.

**M. M. MILES, Jack R. Wood and Jacqueline S. Wood, Defendants-Appellants.**

No. 78-2764.

United States Court of Appeals, Fifth Circuit.

July 7, 1980.

James D. Pruett, Gadsden, Ala., W. Eugene Rutledge, Anniston, Ala., for defendants-appellants.

Wilson, Propst, Isom, Jackson, Bailey & Bolt, Robert B. Propst, Anniston, Ala., John S. Casey, Heflin, Ala., for plaintiff-appellee.

Before SIMPSON, HILL and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

Stockholders of the Bank of Heflin appeal from a district court judgment, which granted the Bank injunctive relief from adverse state court judgments and which declared unconstitutional Title X, § 21(46), Code of Alabama (1958). The stockholders had sought an unlimited inspection of the Bank's books and records. Because we find that the district court properly granted the Bank a permanent injunction but improperly found section 21(46) unconstitutional, we affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

In August 1974, Miles, a stockholder of the Bank of Heflin, wrote to the Bank requesting an unlimited inspection of its books and records pursuant to Title X, § 21(46), Code of Alabama (1958). Section 21(46) provides:

> Any person who shall have been a stockholder of record at least six months immediately preceding his demand or who shall be the holder of record of at least five per cent of all the outstanding shares of a corporation, upon written demand stating the purpose thereof, shall have the right to examine, in person, or by agent or attorney, at any reasonable time or times, for any proper purpose, its books and records of account, minutes, and record of stockholders and to make extracts therefrom.
>
> Any officer or agent who, or a corporation which, without reasonable cause, shall refuse to allow any such stockholder, or his agent or attorney, so to examine and make extracts from its books and records of account, minutes, and record of stockholders, for any purpose, shall be liable to such stockholder in a penalty of ten per cent of the value of the shares owned by such stockholder, in addition to any other damages or remedy afforded him by law.

Miles and other stockholders sought to ascertain whether bank officers and directors had violated their fiduciary duty by acting against the best interest of its stockholders in misusing corporate funds, abusing corporate office, diverting or misapplying corporate assets for personal benefit, or favoring certain customers.

Denying the existence of a "proper purpose" for the inspection and believing that the disclosure of certain materials would interfere with the confidential relationship between the Bank and its customers, the Bank filed for declaratory judgment in Alabama circuit court. The complaint asked the court to determine what records the Bank was required to disclose under Title X, § 21(46). The complaint specifically stated that the Bank would violate regulations of the Federal Deposit Insurance Corporation (hereinafter FDIC) if it disclosed certain FDIC documents. Miles and other stockholders counterclaimed for the statutory penalty of ten percent of the value of the shares they owned. Although finding that one or more proper purposes had been asserted by the stockholders, the Alabama circuit court granted summary judgment for the Bank, holding that the inspection was limited by the confidential relationship between the Bank and its customers. Finding that the Bank had not refused to allow inspection as that term is used in section 21(46), the court also dismissed the stockholder's counterclaim for the statutory ten percent penalty. The circuit court then appointed a special master to examine the Bank's records and to determine the scope of permissible inspection.

The stockholders petitioned the Supreme Court of Alabama for a writ of mandamus on the scope of the inspection question and appealed the circuit court's order on the statutory penalty. On August 21, 1975, the Alabama Supreme Court, in an interlocutory order, granted the writ of mandamus, holding that the inspection was requested for "proper purposes" under section 21(46) and directing the circuit court "to enter an order allowing examination and audit of *all books and records* of the Bank." *Bank of Heflin v. Miles*, 318 So.2d 697, 701 (Ala. 1975).

While the stockholders' appeal on the statutory penalty was pending before the Alabama Supreme Court, the FDIC, on September 29, 1975, filed a complaint in federal district court pursuant to 12 U.S.C. § 1819[1] seeking a temporary restraining order prohibiting the Bank from disclosing FDIC reports and related records. The stockholders voluntarily intervened in the federal action to protect their interest in what they described as a collusive action between the FDIC and the Bank. Finding that certain records were privileged under 12 C.F.R. § 309.1(c)(ii),[2] the district court permanently enjoined the Bank from disclosing the privileged information. *F.D.I.C. v. Bank of Heflin*, C.A. 75–G–1829–E (N.D.Ala., November 26, 1975). No appeal was taken from this decision that preceded any Alabama Supreme Court final judgment.

On March 6, 1976, the Supreme Court of Alabama published its decision reversing the state circuit court order on the statutory penalty. *Miles v. Bank of Heflin*, 328 So.2d 281 (Ala.1976). This decision was the first Alabama Supreme Court final judgment in this proceeding. The court held that the Bank refused to allow inspection and that the refusal was "without reasonable cause" under section 21(46). The court reasoned:

> [W]hen the Board [of Directors] forced the stockholders to litigate in order to pursue their rights, it effectively refused to allow inspection. . . . This is not to say that the Bank's mere filing of a declaratory judgment action in itself is an action, suit or proceeding from a State Court to the United States district court . . . . .

[1]. 12 U.S.C. § 1819 provides that the FDIC shall have the power:

To sue and be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and the Corporation may, without bond or security, remove any such

[2]. 12 C.F.R. § 309.1(c)(ii) provides as follows: The Chief of the Division of Examination may furnish to any bank copies of any reports of examinations of investigations of such bank . . . *provided*, . . . under no circumstances shall the bank or any of its directors, officials or employees disclose or otherwise make public in any manner such reports or portion thereof.

effective denial of the right of inspection. Rather, we say that the basis for the denial was the defense of confidentiality and upon that basis there was an effective denial of the right of inspection resulting in the right to recover the statutory penalty under Tit. 10, § 21(46). *Id.* at 286–87.

Because the Bank refused to allow inspection without reasonable cause, the Alabama Supreme Court directed the circuit court to assess against the Bank the ten percent penalty imposed by the statute.

On remand, the circuit court, on October 1, 1976, ordered the Bank to permit inspection and to pay the statutory penalty pursuant to the Alabama Supreme Court mandate. The circuit court limited the time in which the stockholders were allowed to inspect the Bank's records to seven days. In light of this limitation, the stockholders appealed again to the Alabama Supreme Court alleging the denial of adequate time for inspection. The Bank cross-appealed from the award of the statutory penalty granted by the circuit court on remand. As part of their appeal, the stockholders complained also that the Bank had denied access to certain accounts receivable, "aging reports," in direct contravention of the supreme court mandate and circuit court order. The Alabama Supreme Court agreed, and held that the stockholders must be allowed a full and complete inspection unrestricted by "a precise, preset time limitation." *Miles v. Bank of Heflin*, 349 So.2d 1072, 1076 (Ala.1977).

On June 4, 1976, while the case was pending in the state's circuit court on remand, the Bank had filed an original action in federal district court seeking an order enjoining enforcement of the Alabama Supreme Court judgment on the statutory penalty and nullifying all Alabama state court orders in conflict with the federal district court order of November 26, 1975. The Bank also sought a federal court in-

junction against any further proceedings in Alabama circuit court. On July 17, 1978, the federal district court entered the judgment from which the stockholders now appeal.

## THE DISTRICT COURT ORDER

Believing that federal injunctive relief was necessary to protect or effectuate its prior judgment, the district court asserted jurisdiction under the Anti-Injunction Act, 28 U.S.C. § 2283.[3] According to the court, 28 U.S.C. § 1343 also conferred federal jurisdiction to "redress the deprivation of due process of law allegedly resulting from the operation of Title X, § 21(46) . . . as interpreted by the Supreme Court of Alabama." On the merits, the district court found that: (1) the Alabama Supreme Court "was in error in concluding that the only basis for the Bank's refusal was its confidential relationship to its customers;" (2) the state supreme court failed to consider the Bank's obligations under 12 C.F.R. § 309.1(c)(ii) "although the point was raised;" (3) the state supreme court decision finding no reasonable cause for the refusal to allow inspection is in irreconcilable conflict with the prior district court order; (4) because Title X, § 21(46), as interpreted by the Supreme Court of Alabama, makes unlawful the mere filing of an action for declaratory judgment, it unconstitutionally limits access to the courts; (5) principles of comity and abstention do not foreclose district court relief in this case.

Having made these findings, the district court concluded that the Bank was entitled to judgment as a matter of law and granted final summary judgment for the Bank. All state court judgments were declared null and void to the extent inconsistent with the district court order of November 26, 1975. The Alabama Supreme Court directive and circuit court order imposing the statutory penalty were "cancelled and declared null and void." The stockholders were permanently enjoined from seeking enforcement

---

**3.** Section 2283 provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act

of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

of the penalty and "from seeking a similar judgment or penalty or injunction inconsistent with this judgment."

### ISSUES

The critical issues are whether the district court correctly imposed an injunction to protect or effectuate its prior judgment, and whether the district court correctly declared section 21(46) unconstitutional.

### DISCUSSION

The district court opinion may be divided into two sections. In the first section, the court held that an injunction staying state court proceedings and enjoining enforcement of the penalty was necessary in order to effectuate its prior judgment of November 26, 1975. In the second section, the district court declared section 21(46) unconstitutional pursuant to its authority to "redress the deprivation . . . of . . . right[s] . . . secured by the Constitution." 28 U.S.C. § 1343(a)(3). We will consider these two rulings separately.

### A

#### Imposing Injunction to Effectuate Prior Judgment

 The district court correctly asserted jurisdiction under the Anti-Injunction Act, 28 U.S.C. § 2283, to protect or effectuate its prior judgment of November 26, 1975.

The district court's prior judgment was valid. Only at that time were the three involved parties, the Bank, the stockholders, and the FDIC, before the same tribunal. The court interpreted the validity of 12 C.F.R. § 309.1(c)(ii), found the regulation valid and applicable, and permanently enjoined the defendant Bank from making public the FDIC documents and the related portions of the board of director's minutes. This final federal court judgment of November 26, 1975, from which no appeal was taken, preceded the first Alabama Supreme Court final judgment of *Miles v. Bank of Heflin*, rendered on March 5, 1976.

In light of this, the district court was correct in asserting that:

The prior judgment of this court, which became final and was not appealed, was res judicata [4] [footnote added] on a sufficient number of the issues in the later decided state litigation that it cannot be said that the declaratory judgment complaint filed by the Bank in the state court was totally without merit. If that complaint had any merit, which is the inevitable effect of this court's judgment, then the Alabama Supreme Court final judgment is in conflict with the prior final judgment of this court.

Imposition of the penalty would penalize the plaintiff Bank for following the prior final judgment of this court and negate the finding of this court that the Bank was not required to disclose all of its records.

Substantial authority supports the district court's conclusion. As the Supreme Court recently articulated:

A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . ." [Citations omitted.] Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. [Citations omitted.] Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.

*State of Montana v. United States*, 440 U.S. 147, at 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).

In situations analogous to the present circumstance involving a section 2283 in-

---

4. The specific preclusion theory applicable here is collateral estoppel. We assume that the district used the term res judicata in its most general sense, under which both claim preclusion, res judicata, and issue preclusion, collateral estoppel, lie.

junction, this court has applied the doctrine of collateral estoppel. In *Teas v. Twentieth Century-Fox Film Corp.*, 413 F.2d 1263 (5th Cir. 1969), Twentieth Century-Fox sought state court relief from a prior federal court judgment which had found that plaintiffs were entitled to one-half of the net profits interest called "variable participating royalties." This court held that:

> [T]he district court properly granted injunctive relief against Twentieth Century to effectuate its prior judgment upon the "variable participating royalty" term of the 1943 contracts. . . . In simple terms Twentieth Century is collaterally estopped from re-litigating the meaning of the term "variable participating royalty." . . . The principle of finality applies with equal vigor to indirect and direct attempts collaterally to frustrate a judgment.

*Id.* at 1267.

In *Seaboard Coast Line R. Co. v. Union Camp Corp.*, 613 F.2d 604 (5th Cir. 1980), the district court had interpreted a contract containing two indemnity provisions. Subsequently, the parties relitigated in state court where at issue was the same indemnity agreement. The district court then permanently enjoined one of the prior federal court parties from challenging the previously resolved issue. On appeal, this court applied the doctrine of collateral estoppel and held that section 2283 did not prohibit district court jurisdiction to permanently enjoin one of the federal court parties from relitigating in state court the contract issue previously resolved in federal court.

As a further basis for applying the doctrine of collateral estoppel, we refer to the Restatement of Judgments, which states "[w]here an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement of Judgments § 68 (1942).

Here, the district court determined the Bank's disclosure obligations under the

FDIC regulation and issued its injunction. The stockholders should not have then been allowed to assert in state court that they would not accept "any limitation of their examination." The stockholders should have been precluded from re-litigating in state court an issue that had previously been determined in federal court. The effect of the state court judgments allowing the stockholders examination of "all books and records of the Bank" and imposing the statutory penalty was to decide favorably for the stockholders on an issue that had definitely been litigated adversely to the stockholders in federal court.

Therefore, we hold that the district court properly granted the Bank a permanent injunction in order to protect its prior final judgment.

### B
#### *Order Declaring Section 21(46) Unconstitutional*

The district court held that section 21(46) "unreasonably limits access to the courts in violation of the fourteenth amendment. . . ." It also held the statutory penalty a violation of due process of law. The district court said that "section 21(46) makes the mere filing by a bank of a declaratory judgment action . . . a violation of the law and ground for immediate imposition of a potentially erroneous penalty. . . ."

The Alabama Supreme Court, faced with the constitutionality of section 21(46) in *Miles v. Bank of Heflin*, rejected the notion that its construction of the case made the mere filing of an action a "refusal" to allow inspection. It stated:

> *This is not to say that the Banks' mere filing of a declaratory judgment action in itself is an effective denial of the right of inspection.* Rather, we say that the basis for the denial was the defense of confidentiality and upon that basis there was an effective denial of the right of inspection resulting in the right to recover the statutory penalty under Tit. 10, § 21(46).

328 So.2d at 287, (emphasis added).

State courts have the right to construe their own statutes. *Beal v. Missouri*

*Pac. R. R. Corp.*, 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577 (1941); *City of Miami v. Sutton*, 181 F.2d 644 (5th Cir. 1950). Once the state court has construed the statute, federal courts are bound by that construction. *Hortonville Joint School Dist. No. 1 v. Hortonville Educ. Ass'n.*, 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976); *Woods v. Holy Cross Hospital*, 591 F.2d 1164 (5th Cir. 1979). By rejecting the construction placed on the state statute by the Alabama Supreme Court, the federal district court committed error.

Accordingly, because we hold that the district court properly granted the Bank a permanent injunction but erroneously declared section 21(46) unconstitutional, we affirm that part of the judgment relating to protecting and effectuating its prior judgment. We also affirm that part of the judgment that declares the decisions applying the statutory penalty null and void and permanently enjoins collection of the penalty. We reverse only that part of the judgment that relates to the improper unconstitutional finding.

AFFIRMED IN PART, REVERSED IN PART.