**In re OCEAN RANGER SINKING OFF NEWFOUNDLAND ON FEBRUARY 15, 1982.**

**MDL No. 508.**

United States District Court,
E.D. Louisiana.

Aug. 14, 1985.

George A. Frilot, III, James F. Shuey, Lemle, Kelleher, Kohlmeyer, Hunley, Moss & Frilot, New Orleans, La., for ODECO.

Robert W. Booksh, Jr., Donald R. Abaunza, Liskow & Lewis, New Orleans, La., for Mobil Oil.

Ann Arango, Speiser & Krause, Benton Musslewhite, Houston, Tex., for Canadian Claimants.

ROBERT F. COLLINS, District Judge.

Defendants Ocean Drilling and Exploration Company, ODECO International Corporation, ODECO Engineers, Inc., ODECO Drilling of Canada Mobil Oil Corporation, and Mobil Oil Canada, Ltd. have moved this Court to enjoin the Canadian claimants in these cases from filing and/or prosecuting their suits in the state courts of Texas or any other court in the United States. Upon consideration of briefs submitted by counsel, the applicable law, and the facts of the case, the injunction is hereby GRANTED.

In the Court's Minute Entry and Reasons issued on June 4, 1984, 589 F.Supp. 302, the Court determined that Canadian law governs this controversy and granted the Motion to Dismiss the Canadian claimants on the ground of *forum non conveniens.* The Court clearly held that the litigation should be prosecuted in the courts of Canada. Nonetheless, Canadian claimants filed an action in Matagorda County, Texas. The Court finds that this was a flagrant attempt to avoid the effect of the adverse judgment plaintiffs received by this Multidistrict Litigation Court. This action, filed by the same plaintiffs and same attorneys who actually litigated before this Court, is based on the same cause of action presented in the federal forum. The Court finds that this is an effort to relitigate issues already determined by this Court. The Court will not tolerate abuse at the judicial system through duplicative and harassing litigation. An injunction is the appropriate sanction to preclude this "judicial hopscotch."

To effectuate this Court's judgment, preclude relitigation, and avoid prejudice to defendants, the Court enjoins the Canadian plaintiffs from filing and/or prosecuting claims arising out of the facts which form the subject matter of these actions in any other court, state or federal, in the United States. For reasons set forth below, the Court has authority to grant this injunction under the All Writs Statute, 28 U.S.C. § 1651, and is not barred from doing so by the Anti-Injunction Act, 28 U.S.C. § 2283.

All federal courts are empowered to protect and effectuate their judgments under the All Writs Statute, 28 U.S.C. § 1651(a), which provides as follows:

The Supreme Court and all other courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

The statute empowers a federal court to enjoin a party before it from attempting to relitigate an issue in a state court, to "prevent any interference" with the federal court's judgment. *Teas v. Twentieth Century-Fox Film Corp.,* 413 F.2d 1263, 1266 (5th Cir.1969). Pursuant to this statute, this Court may enjoin the Canadian parties in these suits from relitigating the issues of the applicability of the laws of Canada and of the propriety of the dismissal on the ground of *forum non conveniens.*

The circumstances here support the use of an injunction because the plaintiffs have attempted to circumvent this Court's judgment by seeking relief in other courts. *Bank of Heflin v. Miles,* 621 F.2d 108 (5th Cir.1980); *Seaboard Coast Line R. Co. v. Union Camp Corp.,* 613 F.2d 604 (5th Cir. 1980); *Southwest Airlines Co. v. Texas International Airlines,* 546 F.2d 84 (5th Cir.1977). The end result of the plaintiffs' actions is prejudice to the defendants' ef-

fort to abide by the orders of the Multidistrict Panel. The Fifth Circuit has clearly stated that a federal district court "has the power under 28 U.S.C. § 1651(a) to enjoin litigants who are abusing the court system by harassing their opponents." *Harrelson v. United States,* 613 F.2d 114, 116 (5th Cir.1980).

The Anti-Injunction Act, 28 U.S.C. § 2283, does not forbid enjoining the Canadian claimants from prosecuting further litigation in state courts. The Anti-Injunction Act permits a federal court to enjoin a state-court action "where necessary in aid of its jurisdiction or to protect or effectuate its judgments." This exception "prevents multiple litigation of the same cause of action, and it assures the winner in a federal court that he will not be deprived of the fruits of his victory by a later contrary state judgment which the Supreme Court may or may not decide to review." *Woods Exploration and Producing Co. v. Aluminum Co. of America,* 438 F.2d 1286, 1312 (5th Cir.1971), *cert. denied,* 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1972).

■ As the Fifth Circuit has viewed the jurisprudence, it is clear that "federal courts may enjoin the relitigation in state court of issues that federal courts have fully and finally adjudicated." *Meridian Investing and Development Corp. v. Suncoast Highland Corporation,* 628 F.2d 370, 373 (5th Cir.1980); *International Association of Machinists and Aerospace Workers v. Nix,* 512 F.2d 125, 130 (5th Cir.1975). Any action the plaintiffs take in state court to obtain remedies with respect to the OCEAN RANGER disaster would result in the relitigation of the same issues this Court has fully and finally decided. Moreover, the plaintiffs' actions in state court would undermine this Court's jurisdictional mandate from the Panel on Multidistrict Litigation. See *In Re Corrugated Container Antitrust Litigation,* 659 F.2d 1332 (5th Cir.1981) (enjoining a state court action that challenged the multidistrict court's jurisdiction and seriously impaired the federal court's flexibility and authority to decide the case. 659 F.2d at 1334).

The Court is unpersuaded by the cases cited by plaintiffs. For example, plaintiffs' cite to a 1937 5th Circuit opinion, *Schell v. Food Machinery Corp.,* 87 F.2d 385 (5th Cir.1937). This Court has found a more recent decision that supports the granting of an injunction. In *Southwest Airlines Co. v. Texas International Airlines,* 546 F.2d 84 (5th Cir.1977), the Fifth Circuit noted that Supreme Court decisions suggest an action for injunction to enforce a federal judgment is "supplemental" or "ancillary," and "therefore the jurisdiction follows that of the original suit, regardless of the citizenship of the parties to the bill or the amount in controversy," 546 F.2d at 90, *citing Dugas v. American Surety Co. of New York,* 300 U.S. 414, 57 S.Ct. 515, 521, 81 L.Ed. 720 (1937). Accordingly, the Court rejects the plaintiffs' allegation that jurisdiction to grant the injunction is lacking.

Plaintiffs attempt to distinguish two cases cited by the movants as being "enormous anti-trust case[s]." Yet, at a later part of their brief, they cite as authority *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980), a case involving violations of § 2 of the Sherman Act, 15 U.S.C. § 1. The plaintiffs' position is inconsistent. The Court is unconvinced by the plaintiffs' attempt to distinguish the defendants' cases. Moreover, the Court finds that *Daiflon* does not stand for the broad principle claimed by the plaintiffs.

Plaintiffs cite *Daiflon* for the proposition that "the All Writs Act cannot be utilized to *restrain and enjoin* or to mandamus or to seek other equitable relief in connection with 'discretionary' rulings of the court sought to be enjoined." (emphasis added). This proposition does not logically flow from the Supreme Court's holding. *Daiflon* involved a petition for a writ of mandamus filed with the Court of Appeals for the Tenth Circuit requesting that it instruct the trial court to reinstate a $2.5 million jury verdict. 449 U.S. at 34, 101 S.Ct. at

189. The court held that "under the All Writs Act, 28 U.S.C. § 1651(a), courts of appeals may issue a writ of mandamus only when 'necessary or appropriate in aid of their respective jurisdictions.'" 449 U.S. at 34–35, 101 S.Ct. at 189–90. The decision did not involve a federal district court enjoining litigation in a state court. The decision involved a mandamus issued by a court of appeals to a federal district court. *Daiflon* does not support plaintiffs' allegation that "the All Writs Act cannot be utilized to ... enjoin ... discretionary rulings of the court sought to be enjoined."

Plaintiffs purport to derive their broad proposition from another Supreme Court opinion, *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978). This decision is equally inapposite to the case *sub judice*. In *Will v. Calvert Fire Ins. Co.*, the Court of Appeals for the Seventh Circuit granted a petition for a writ of mandamus ordering a federal district judge to proceed immediately to adjudicate a claim based upon the Securities Exchange Act of 1934, despite the pendency of a substantially identical proceeding between the same parties in the Illinois state courts. 437 U.S. at 657, 98 S.Ct. at 2554. Certiorari was granted "to consider the propriety of the use of mandamus to review a District Court's decision to defer to concurrent state proceedings." 437 U.S. at 658, 98 S.Ct. at 2555. Motions before this Court in *OCEAN RANGER* do not involve a mandamus from an appellate court. Nor do motions before this Court involve a district court's decision to defer to concurrent state proceedings. Quite to the contrary, the motions before the Court seek to enjoin state court proceedings, not to defer to them.

Finally, plaintiffs cite *State of Missouri v. Mayfield*, 340 U.S. 1, 71 S.Ct. 1, 95 L.Ed. 3 (1950), for the proposition that each state is free "to decide the availability of *forum non conveniens* in these suits according to its own local law." *Mayfield* does not control the instant case because it only in-

volved a state court ruling on a motion for *forum non conveniens*. *Mayfield* did not involve a prior granting of a motion for *forum non conveniens* by a federal district court. There were no motions to enjoin the state court proceedings in *Mayfield*. There are such motions pending in *OCEAN RANGER*.

Moments before the Court was to entertain arguments on June 12, 1985, the plaintiffs filed a notice of appeal. Based on the notice of appeal, plaintiffs have argued that this Court lacks jurisdiction to issue the injunction even though warranted under an exception to Title 28 United States Code section 2283. At oral argument, the Court requested supplemental briefs to discuss this new jurisdictional issue.

The Court has concluded that it has the inherent jurisdiction to issue the injunction, and it is especially appropriate in the context of the relitigation exception provided in Title 28 United States Code section 2283. As the Fifth Circuit held in *In Re Corrugated Container Antitrust Litigation*, 659 F.2d 1332, 1335 (5th Cir.1981), *cert. denied*, 456 U.S. 936, 102 S.Ct. 1993, 72 L.Ed.2d 456 (1982):

> The entry of an appealable order is generally considered a pre-requisite to invocation of the relitigation or "protection of judgment" exception.... An exception to the general rule that a federal forum may not enjoin the prosecution of a simultaneous *in personam* action on the same cause of action in state court comes into play once judgment is entered. *Unless the judgment is set aside on appeal*, state proceedings seeking to religitate issues covered by the federal judgment may be enjoined under the "protection" exception. *Woods Exploration & Producing Co. v. Aluminum Co. of America*, 438 F.2d 1286, 1311–16 (5th Cir.1971), *cert. denied*, 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1972); Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction § 4226 (1978) (emphasis added).

It is precisely the appealability of this Court's Order entered on May 16, 1985, that warrants the issuance of the injunction. Since the relitigation exception is appropriate after final judgment when *res judicata* has an effect, it is axiomatic that the Court must have jurisdiction to issue the injunction after final judgment. As the Fifth Circuit expressly stated in *In Re Corrugated Container Antitrust Litigation, supra*, "unless the judgment is set aside on appeal" the injunction may issue. See also, *BGW Associates v. Valley Broadcasting Co.*, 532 F.Supp. 1115 (S.D.N.Y.1982); *Oliver v. Kalamazoo Board of Education*, 510 F.Supp. 1104 (W.D.Mich.1981); *Hayward v. Clay*, 456 F.Supp. 1156 (D.S.C. 1977).

This Court has concluded that it has the authority, by virtue of the All Writs Statute, 28 U.S.C. § 1651, to issue an injunction prohibiting the three remaining Canadian plaintiffs from filing and/or prosecuting actions arising out of the OCEAN RANGER disaster in the state courts of Texas or in any other court in the United States. The Relitigation Exception to the Anti-Injunction Act, 28 U.S.C. § 2283, is applicable. The Court has further concluded that the filing of an appeal does not prevent the issuance of this injunction.

WHEREFORE, the remaining Canadian claimants are hereby ENJOINED from filing and/or prosecuting actions arising out of the OCEAN RANGER sinking off Newfoundland on February 15, 1982 in the state courts of Texas or in any other court in the United States.