A.J. FOYT, Jr., Individually, and
A.J. Foyt Enterprises, Inc.,
Plaintiffs,

v.

CHAMPIONSHIP AUTO RACING
TEAMS, INC., Defendant.

Civil Action No. H–96–0006.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 3, 1996.

Larkin C. Eakin, Jr., Woodard Hall & Primm, Houston, TX, for plaintiffs.

Merrill G. Davidoff, Berger & Montague, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

ATLAS, District Judge.

Pending before the Court is Championship Auto Racing Teams, Inc.'s ("CART" or "Defendant") **Motion to Enforce the Judgment** of this Court dismissing this case (*"Foyt I"*) for want of personal jurisdiction ("Motion to Enforce") [Doc. # 37] pursuant to the All Writs Act, 28 U.S.C. § 1651. Defendant seeks an order from this Court (i) directing Plaintiff A.J. Foyt Enterprises, Inc. ("Plaintiff" or "Foyt") to withdraw the Complaint filed in *Foyt Enterprises, Inc. v. CART, et al.*, No. 96–1993 (S.D.Tex. filed June 11, 1996) (*"Foyt II"*) and (ii) directing Plaintiffs to refrain from instituting any other litigation against CART in any state or federal court in the State of Texas. CART has also filed a **Motion to Consolidate** this case, *Foyt I,* with *Foyt II* [Doc. # 35].

In their Response to CART's Motion to Enforce the Judgment ("Response") [Doc. # 40], Plaintiffs strenuously oppose the Motion on the grounds that (i) this Court did not reach and did not expressly rule on the issue of personal jurisdiction as to their tortious interference claim, which was alleged in both *Foyt I* and *Foyt II*, (ii) in *Foyt I*, Plaintiffs did not sue two of the Defendants named in *Foyt II*, namely Carl Haas, individually, and Newman–Haas Racing (the "Haas Defendants"), and (iii) CART's request for an order precluding Foyt from instituting any other litigation against CART in Texas is overly broad and unjustified under the circumstances. In addition, Plaintiffs oppose the Motion to Consolidate.

The Court has considered the Motions, Plaintiffs' Response, Defendant's Reply [Doc. # 41], all other matters of record in this case, and the relevant authorities. For the reasons discussed below, Defendant's Motion to Enforce is now **GRANTED IN PART** as to Defendant CART and **DENIED** as to Newman–Haas Racing and Carl Haas individually (the Haas Defendants). Defendant's Motion to Consolidate is **DENIED AS MOOT.**

## FACTUAL BACKGROUND

On January 3, 1996, Plaintiffs commenced this civil action, *Foyt I,* in this Court against Defendant CART alleging claims under the federal antitrust laws, 15 U.S.C. §§ 1, 2, and under Texas common law for tortious interference with prospective contractual relations.[1] *See* Complaint, ¶¶ 27–31, 32–36, 37–39. Defendant filed a Motion to Dismiss for Lack of In Personam Jurisdiction and Improper Venue, or, in the Alternative, to Transfer Venue ("Motion to Dismiss") [Doc. # 11]. After extensive briefing and oral argument, the Court issued a detailed oral ruling from the bench on May 29, 1996, granting the Motion to Dismiss *Foyt I* on the ground that the Court had no personal jurisdiction over Defendant CART. On May 31, 1996, the Court issued a written dismissal

1. In Plaintiffs' "Third Cause of Action," entitled "Tortious Interference with Respective [sic] Business Relationships," Plaintiffs alleged that during 1995, Plaintiffs were negotiating with various companies, including Texaco, to obtain financial sponsorships' for the 1996 racing season. *See* Plaintiff's First Amended Original Complaint ("Complaint") [Doc. # 25], ¶ 38. Plaintiffs further alleged that

As part of its overall plan to monopolize the sport of IndyCar racing and to restrain competition, CART and its co-conspirators, on infor-

mation and belief, contacted several of the companies with which Foyt was negotiating for the purpose of acquiring financial sponsorships, including Texaco. Their purpose was to persuade these companies not to provide financial sponsorship to Foyt and any other competitors who intended to race in the IRL events. *Id.,* ¶ 39. Plaintiffs concluded this claim by stating that "[a]s a result of Defendant's conduct, these companies, including Texaco, decided against providing financial sponsorships to Foyt for the 1996 racing season." *Id.*

order confirming the decision announced two days earlier on the record in open Court.[2]

On June 11, 1996, Plaintiff A.J. Foyt Enterprises, Inc., commenced another action, *Foyt II*, this time in a Texas state court, asserting, just as in *Foyt I*, that CART had interfered with Foyt's anticipated sponsorship by Texaco for the 1996 racing season.[3] In *Foyt II*, Foyt added two new defendants, the Haas Defendants, contending that both CART and the Haas Defendants conspired against Foyt in regard to Texaco's sponsorship. CART removed *Foyt II* to federal court on June 19, 1996. That action is still pending.[4]

CART argues that the filing of *Foyt II* is an attempt by Plaintiffs to circumvent this Court's determination that the courts of Texas lack personal jurisdiction over CART. In *Foyt II*, Foyt states essentially the same claim Plaintiffs alleged in their tortious interference claim in *Foyt I* that this Court dismissed. The *Foyt II* complaint names CART, just as the original *Foyt I* complaint did, and arises out of the same alleged facts. The only material difference seems to be that Foyt added the Haas Defendants in the *Foyt II* action and alleges only the tortious interference claim, not the antitrust causes of action.

## DISCUSSION

### I. PERSONAL JURISDICTION

#### A. The Haas Defendants

■ Plaintiffs are correct in their assertion that in its prior ruling this Court did not address the issue of personal jurisdiction as to the Haas Defendants, since they were not named parties in the original lawsuit. This Court therefore denies CART's Motion for an order directing Foyt to withdraw its claims against the Haas defendants in the *Foyt II* action.[5]

### B. CART

■ As to CART, Plaintiffs argue that in its prior ruling this Court did not reach the question of personal jurisdiction over CART with regard to the tortious interference claim, and therefore that claim in the *Foyt II* action is proper. Contrary to Plaintiffs' contention, the Court's prior order did in fact dismiss *all* of Plaintiffs' claims against CART, including the tortious interference claim. To the extent the Court's prior ruling was unclear, this Order supplements and is intended to clarify the Court's intended holding.

In summary, the Court held that Plaintiffs had failed to demonstrate that this Court had either general or specific personal jurisdiction over CART under the doctrines of *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 413–17, 104 S.Ct. 1868, 1872–74, 80 L.Ed.2d 404 (1984), *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471–77, 105 S.Ct. 2174, 2181–85, 85 L.Ed.2d 528 (1985), and their progeny. The Court held, based on Plaintiffs' Complaint and all the evidence before the Court, that there was insufficient conduct by Defendant CART purposefully directed to Texas to establish this Court's personal jurisdiction over CART as to the claims asserted.

In its ruling, the Court focused most specifically on Plaintiffs' antitrust theories. The Court inadvertently failed to address explicitly Plaintiffs' "Third Claim," the claim for

---

2. Subsequently, Plaintiffs refiled the action in the Southern District of Indiana. (Letter from Plaintiffs to the Court of 6/24/96, Defendant's Motion, Exhibit E.)

3. A.J. Foyt, in his individual capacity, is not a named plaintiff in *Foyt II*.

4. *Foyt II* was originally assigned to Judge Sim Lake in the Southern District of Texas. On September 12, 1996, Judge Lake referred the case to Magistrate Judge Nancy K. Johnson.

5. In its Motion and Reply, CART insists that the Court has authority, under *Southwest Airlines v. Texas Intern. Airlines,* 546 F.2d 84, 94–102 (5th

Cir.1977), *cert. denied,* 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977), to enjoin relitigation of a claim asserted against new defendants with a close relationship to the original defendant. However, in *Southwest Airlines,* the court's original ruling was on the merits of the plaintiffs' claim, and the court found that the interests of the new defendants had been adequately represented by the original defendants. In contrast, here the Court's original ruling merely addressed personal jurisdiction, and evidence was not sufficiently developed for the Court to determine whether the Haas defendants may be subject to personal jurisdiction in Texas.

tortious interference.[6] Likewise, in its oral decision on May 29, the Court did not explicitly refer to Plaintiffs' contentions regarding their anticipated 1996 sponsorship by Texaco. This oversight was due in part to the fact that the bulk of Plaintiffs' proof, their contentions, and counsel's oral argument in response to Defendant's Motion to Dismiss focused on Plaintiffs' antitrust claims, rather than the tortious interference cause of action. Nevertheless, prior to issuing its rulings, the Court did in fact consider the tortious interference claim and reviewed all matters of record in connection with that claim. *As evidenced by dismissal of the case in its entirety, with reasons stated orally on May 29 and in a written order on May 30, the Court expressed its intent to rule on all three claims asserted by Plaintiffs in this action.* The following discussion explains the Court's reasoning for the complete dismissal.

The two-part test for assertion of personal jurisdiction is (1) whether a defendant purposefully established "minimum contacts" within the forum state, and (2) whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471–77, 105 S.Ct. 2174, 2181–85, 85 L.Ed.2d 528 (1985); *Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994). When personal jurisdiction is asserted, the "minimum contacts" requirement may be satisfied if either (1) the controversy is "related to" or "arises out of" the nonresident defendant's contacts with the forum ("specific jurisdiction"), or (2) the defendant has "continuous and systematic" contacts with the forum ("general jurisdiction"). *See Burger King,* 471 U.S. at 472–76, 105 S.Ct. at 2182–84; *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 413–17, 104 S.Ct. 1868, 1872–74, 80 L.Ed.2d 404 (1984). Due process requires that an individual have "fair warn-ing" that a particular activity may subject him or her to the jurisdiction of a foreign sovereign. *Burger King,* 471 U.S. at 472, 105 S.Ct. at 2182. Even a single act can support jurisdiction if it creates a "substantial connection" with the forum. *Id.* at 476 n. 18, 105 S.Ct. at 2184 n. 18 (citing *McGee v. International Life Insurance Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957)).[7]

 Plaintiffs bear the burden of establishing contact by the nonresident defendant sufficient to invoke the jurisdiction of this Court. *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir.1994); *Bullion v. Gillespie,* 895 F.2d 213, 216–17 (5th Cir.1990); *Memorial Hospital System v. Blue Cross and Blue Shield,* 830 F.Supp. 968, 971 (S.D.Tex.1993).

On May 29, this Court explicitly held that there were insufficient purposeful contacts by CART in or with Texas to establish general jurisdiction. The Court now repeats that conclusion.[8] The Court also held on May 29 and further holds at this time that Plaintiffs have failed to establish specific personal jurisdiction. There is no proof before this Court that CART engaged in substantial and purposeful conduct in Texas in relation to any of the claims alleged by Plaintiffs in their Complaint, *including* the tortious interference cause of action concerning Texaco's proposed sponsorship of Foyt for 1996, to justify CART's being required to defend a suit in this jurisdiction. It would offend the notions of "fair play and substantial justice" for CART to have to defend itself in Texas. *See, e.g., Wilson v. Belin,* 20 F.3d at 647.

Because Plaintiffs' allegation of a different cause of action would not affect general personal jurisdiction, it appears that Plaintiffs argue that the Court has specific jurisdiction over CART as to the tortious interference claim based on the fact that Texaco, the company with whom Plaintiffs allegedly had

---

**6.** The tortious interference claim, quoted above at note 1, was couched in antitrust terminology, thus indicating to the Court that Plaintiffs' own focus was on the antitrust analysis.

**7.** The fact that Defendants have never set foot in Texas *is not* dispositive. The Supreme Court has held that "[j]urisdiction ... may not be avoided merely because the defendant did not *physically* enter the forum State," if there is a contract or other purposeful conduct by the defendant in or with the forum. *Burger King,* 471 U.S. at 476, 105 S.Ct. at 2184 (emphasis original); *see also CompuServe, Inc. v. Patterson,* 89 F.3d 1257 (6th Cir.1996).

**8.** It does not appear that Plaintiffs challenge this aspect of the Court's ruling.

a contractual relationship with which CART may have interfered, is located in Houston.

It is clear to this Court, as stated on May 29, that the due process "minimum contacts" requirement established by the United States Supreme Court in *Burger King,* 471 U.S. at 472–76, 105 S.Ct. at 2182–84 and *Helicopteros,* 466 U.S. at 413–17, 104 S.Ct. at 1872–74, is not satisfied in this case. Despite Plaintiffs' filing of an Amended Complaint [Doc. # 26] and submission of numerous affidavits, Plaintiffs did not introduce *any evidence* of alleged actions by CART in Houston or in Texas regarding the tortious interference cause of action involving Texaco's proposed 1996 sponsorship.[9] Plaintiffs allege only that they unexpectedly experienced an adverse outcome in their negotiations with Texaco, *i.e.,* Foyt did not receive the 1996 sponsorship it had expected. Plaintiffs' mere *assumption* that this result was due to conduct by CART in or directed to Texas is legally insufficient. Foyt's allegations rest on sheer, unsupported speculation and conclusory opinions containing no factual basis on which the Court could conclude that CART had engaged in any conduct in or directed to Texas regarding the matters underlying the tortious interference claim.

9. In support of the tortious interference claim, Plaintiffs submitted only the affidavit of Mr. Foyt. His factual statements pertinent to this claim were, in their entirety, as follows:

Throughout this time period, I continued to talk to Texaco representatives concerning Texaco's renewal of the sponsorship of Foyt Enterprises for the 1996 season. However, notwithstanding that Mr. Urich had initially indicated that the sponsorship would be renewed for the 1996 season, I was instead informed in December, 1995 that Texaco's sponsorship of Foyt Enterprises would be discontinued. Mr. Urich advised me that Texaco would only sponsor CART sanctioned events and the participants of its races, but that it would not sponsor the IRL events or its participants. Mr. Carl Haas of CART's Newman/Haas Racing Team, also confirmed to me that Texaco had decided not to sponsor any of the IRL competitors. CART's Newman/Haas Racing Team has been Texaco's primary IndyCar team for a number of years, and is, as a result, in constant communications with the same Texaco representative with whom I was discussing Texaco's sponsorship of Foyt Enterprises for the 1996 season.

## II. THE COURT'S AUTHORITY TO ENJOIN OTHER ACTIONS

### A. Foyt II

█ CART relies primarily on the All Writs Act, 28 U.S.C. § 1651, as authority for this Court to preclude Plaintiffs from instituting any additional lawsuits against CART in Texas in any court.[10] CART cites *In re Ocean Ranger,* 617 F.Supp. 435, 436 (E.D.La. 1985), in which the court, having determined that Canadian law governed the controversy, granted a motion to dismiss on the grounds of *forum non conveniens.* Plaintiffs in *In re Ocean Ranger* then filed the same cause of action in Texas state court. Under the authority of the All Writs Act, the federal court ordered that action be withdrawn, holding that the plaintiffs' conduct was a "flagrant attempt to avoid the effect of the adverse judgment plaintiffs received." *Id.*

█ The Court finds the authorities cited by CART persuasive and holds that the All Writs Act applies to this controversy. The All Writs Act "empowers a federal court to enjoin a party before it from attempting to relitigate an issue in a state court, to 'prevent any interference' with the federal court's judgment." *Id., citing Teas v. Twentieth*

It is my opinion, based on my own personal observation and involvement in these events, that CART Directors, such as Mr. Carl Haas, other CART officials, and others acting with CART, took certain actions for the specific purposes of persuading Texaco to discontinue its sponsorship of Foyt Enterprises and to refrain from sponsoring the IRL, IRL sanctioned events or any IRL event participant. Given all of the events which transpired in 1995, one could clearly infer that CART, and those acting with CART, had intervened in the discussion which I was having with Texaco officials and, in doing so, persuaded Texaco to discontinue its sponsorship of Foyt Enterprises racing activities.

Foyt Affidavit, ¶¶ 22, 23, attached as Exhibit A to Plaintiffs' Response and Memorandum of Law in Opposition to Defendant's Motion to Dismiss, etc. [Doc. # 20].

10. This statute provides that:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).

*Century–Fox Film Corp.,* 413 F.2d 1263, 1266 (5th Cir.1969). In *In re Ocean Ranger,* the court also enjoined the plaintiffs from relitigating the issue in federal court. *See also Municipal Energy Agency v. Big Rivers Elec. Corp.,* 804 F.2d 338 (5th Cir.1986) ("District courts have discretion to enjoin the filing of related lawsuits in other U.S. district courts") (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183–84, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952); *Schauss v. Metals Depository Corp.,* 757 F.2d 649, 654 (5th Cir.1985)).

As noted above in Section I, Plaintiff Foyt is attempting to relitigate the personal jurisdiction issue as to the tortious interference claim. In *Foyt II,* the same Plaintiff, using the same attorneys, asserts the same claim as he alleged in the tortious interference claim before this Court in *Foyt I.*

■ In their Response to CART's Motion to Enforce, Plaintiffs argue that the Anti–Injunction Act, 28 U.S.C. § 2283, which generally precludes federal courts from enjoining state court actions, prevents this Court from enjoining *Foyt II.* However, that act does not apply, since *Foyt II* is now pending in federal court.[11]

**B.** *Future Litigation*

■ In addition to its request that this Court enjoin Plaintiff's pending action in *Foyt II,* CART also asks this Court to order Plaintiffs to refrain from instituting any other litigation against CART in any state or federal court in the State of Texas. CART again relies on *Southwest Airlines,* 546 F.2d 84 (5th Cir.1977), as authority for such an action by a federal court. In *Southwest Airlines,* the Court did in fact issue an injunction prohibiting the plaintiffs from bringing further action *in connection to the events that had been the subject of the previous litigation.* However, CART has requested that this Court enjoin *any* litigation by Plain-

tiffs against CART in Texas. This Court finds that CART's request is overbroad but may be granted in part.

Plaintiffs may not bring any further litigation against CART in the state of Texas based on the events and evidence that this Court previously examined in its earlier ruling. Plaintiffs would not be bound, however, by this Court's ruling if future events give Plaintiffs new grounds for suit against CART · *and* if those events subject CART to personal jurisdiction in Texas. Likewise, Plaintiffs could also bring a new suit if they were able to present sufficient concrete evidence to establish specific personal jurisdiction over CART in Texas with respect to the previously litigated events.

### CONCLUSION

It is therefore

**ORDERED** that Defendant CART's **Motion to Enforce the Judgment** of this Court dismissing this case for want of personal jurisdiction [Doc. # 37] is **GRANTED IN PART** in that Plaintiff Foyt is directed to dismiss its claims asserted against CART in *Foyt Enterprises, Inc. v. CART, et al.,* No. 96–1993 (S.D.Tex. filed June 11, 1996). It is further

**ORDERED** that Defendant CART's Motion to Enforce is **DENIED** insofar as it seeks dismissal of Plaintiff Foyt's claims in *Foyt Enterprises, Inc. v. CART, et al.,* No. 96–1993 (S.D.Tex. filed June 11, 1996), asserted against Newman–Haas Racing or Carl Haas individually (the Haas Defendants). It is further

**ORDERED** that Defendant CART's Motion for an Order directing Plaintiffs to refrain from instituting any other litigation against CART in any state or federal court in the State of Texas is **GRANTED IN PART,** in that Plaintiffs are ordered to refrain from instituting any other litigation against CART

---

11. In *Foyt II,* Plaintiffs have filed motions to remand the action to state court, to dismiss on the ground of collateral estoppel, and to transfer the case to the Eastern District of Michigan. Even if *Foyt II* is remanded to state court, this Court would still have the authority to enjoin that action because of the "relitigation exception" to the Anti–Injunction Act. Under this exception, a

federal Court may enjoin a state judicial proceeding in order to prevent relitigation of an issue previously presented to and decided by the federal court. *See J.R. Clearwater, Inc. v. Ashland Chemical Co.,* 93 F.3d 176 (5th Cir.1996). *See also In re Ocean Ranger* (discussed above, in which a federal court enjoined a state court action for this reason).

in any state or federal court in the State of Texas based on the same evidence and facts already litigated in this action. It is further

**ORDERED** that Defendant CART's Motion to Consolidate is **DENIED** as moot, since there is no action currently pending before this Court.