**In re CORRUGATED CONTAINER ANTITRUST LITIGATION.**

**THREE J FARMS, INC., et al., Appellants,**

v.

**PLAINTIFFS' STEERING COMMITTEE, Settling Defendants and Non-Settling Defendants, Appellees.**

No. 80–1164.

United States Court of Appeals, Fifth Circuit.*

Unit A

Oct. 29, 1981.

See also, 5th Cir., 643 F.2d 195.

Stoner, Michael R. Borasky, Pittsburgh, Pa., for Georgia Pac. Corp.

Before CHARLES CLARK, TATE and WILLIAMS, Circuit Judges.

CHARLES CLARK, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District of Texas enjoining certain of the plaintiffs in this class action from pursuing a lawsuit pending in a South Carolina state court in which these same persons are also plaintiffs and from pursuing any claims relating to this class action in any court other than the United States District Court in Texas. For the reasons stated herein, we affirm.

The litigation that is the basis of this appeal is an enormous class action in which more than fifty private treble damage actions brought on behalf of all purchasers of corrugated containers and sheets against thirty-seven manufacturers, alleging an antitrust conspiracy, were consolidated by the Judicial Panel on Multidistrict Litigation and transferred to the United States District Court for the Southern District of Texas (the multidistrict court). A more detailed history of the litigation is found in *In re Corrugated Container Antitrust Litigation,* 643 F.2d 195, 202–203 (5th Cir. 1981) (*Adams Extract*). As we shall discuss below, *Adams Extract* has decided some of the issues in this appeal.

The South Carolina state court plaintiffs (South Carolina Plaintiffs) against whom the injunction was issued are also members of the plaintiff class in the case still pending in the multidistrict court. On June 30, 1978, Three J Farms, Inc., and three other corporations filed a complaint in the Court of Common Pleas for Spartanburg County, South Carolina, (South Carolina Complaint) purporting to represent the class of all persons injured during the alleged conspiracy in the corrugated industry by actions that violated the antitrust laws of South Carolina, S.C.Code § 39–3–10, *et seq.* (1976). The

Bader & Bader, I. Walton Bader, White Plains, N. Y., for appellants.

Wright & Patton, William E. Wright, Houston, Tex., for Chairman of Steering Committee.

Mandell & Wright, Stephen D. Susman, Houston, Tex., for Adams Extract Co.

Judah I. Labovitz, Philadelphia, Pa., Marc Seltzer, Los Angeles, Cal., for Plaintiffs' Steering Committee.

Cloyd R. Mellott, Eckert, Seamans, Cherin & Mellott, J. Gary Kosinski, Ray C.

same attorneys who represented the named plaintiffs in filing the South Carolina Complaint represent these parties in the multidistrict court. That complaint is similar to the Unified Complaint filed in the multidistrict case. Indeed, some of the paragraphs in the two complaints are identical. The South Carolina Complaint, however, contains no allegations of violations of federal antitrust laws. On July 31, 1978, the defendants in the South Carolina action removed it to the United States District Court for the District of South Carolina. On October 13, 1978, that court remanded the action to the Court of Common Pleas. Two weeks later, the United States district judge stated that his remand order had been entered inadvertently, and held that it was null and void. The court of appeals reversed, holding that the district judge lacked power under 28 U.S.C. § 1447(d) to vacate his order of remand. *Three J Farms, Inc. v. Alton Box Board*, 609 F.2d 112 (4th Cir. 1979), *cert. denied*, 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980). The South Carolina litigation has been stayed by agreement of the parties pending the outcome of the instant appeal.

The South Carolina Plaintiffs advance four objections to the injunction order of the multidistrict court. They argue that the injunction violates the federal Anti-Injunction Act, that it violates the fifth and tenth amendments to the United States Constitution, that the South Carolina claims were not before the multidistrict court, and that the multidistrict court would have had no jurisdiction over those claims even had they been asserted there.

The Anti-Injunction Act, 28 U.S.C. § 2283, provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." This statute does not apply to those parts of the multidistrict court order that relate to state court actions that have not yet been filed. *Dombrowski v. Pfister*, 380 U.S. 479, 484 n.2, 85 S.Ct. 1116, 1119 n.2, 14 L.Ed.2d 22, 27 n.2 (1965); *Cf. Younger v. Harris*, 401 U.S. 37, 41, 91 S.Ct. 746, 749, 27 L.Ed.2d 669, 673 (1971). The only question is whether section 2283 precludes the multidistrict court from entering its injunction against prosecution of the *Three J Farms* case presently pending in South Carolina.

The Anti-Injunction Act embodies important principles of federalism. The Supreme Court has instructed:

> Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy. The explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion.

*Atlantic Coastline R. R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234, 246 (1970). Likewise, this court has held that the "complainant must make a strong and unequivocal showing of relitigation of the same issue in order to overcome the federal courts' proper disinclination to intermeddle in state court proceedings." *Southern California Petroleum Corp. v. Harper*, 273 F.2d 715, 719 (5th Cir. 1960).

The statute excepts from its interdict injunctions necessary (1) to aid the court's jurisdiction and (2) to protect or effectuate its judgments. It is undisputed that the multidistrict court has jurisdiction of the class action before it. The multidistrict court perceived that the actions of the appellants in pursuing substantially similar state law claims in the South Carolina court would be a challenge to that jurisdiction. We agree. As the Supreme Court has explained, this exception to the Anti-Injunction Act means that injunctions may be issued where "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coastline R. R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234, 245 (1970) (dicta). This complicated antitrust action has required a great deal of the

district court's time and has necessitated that it maintain a flexible approach in resolving the various claims of the many parties. Further, the presiding judge of the Seventh Judicial Circuit, Court of Common Pleas of Spartanburg County, South Carolina, entered a temporary restraining order on October 23, 1978, enjoining the defendants in the Three J Farms suit, many of whom are also defendants in the federal multidistrict action, from "preparing, disseminating or utilizing any settlement document in connection with any action pending in any Court wherein such settlement document contains any release of any antitrust claims under the laws of the State of South Carolina without the prior approval of this Court." Such a limitation on the terms of settlement would clearly interfere with the multidistrict court's ability to dispose of the broader action pending before it.

■ The entry of an appealable order is generally considered a prerequisite to invocation of the relitigation or "protection of judgment" exception. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4226 (1978). The judgments involved in the multidistrict action which are sought to be protected are those approving settlements executed between the class plaintiffs and most of the defendants. They are appealable. These judgments were entered shortly after the order appealed from here. However, when the injunction order was issued, the multidistrict court had approved the settlements and the final judgments were predictable if not assured. Since such an objection would most probably be moot, the state court plaintiffs do not complain that the injunction preceded final judgment.

■ An exception to the general rule that a federal forum may not enjoin the prosecution of a simultaneous in personam action on the same cause of action in state court comes into play once judgment is entered. Unless the judgment is set aside on appeal, state proceedings seeking to relitigate issues covered by the federal judgment may be enjoined under the "protection" exception. Woods Exploration & Producing Co. v. Aluminum Co. of America,

438 F.2d 1286, 1311–1316 (5th Cir. 1971), cert. denied, 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1972); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4226 (1978). As this court explained in Woods Exploration, the exception applies where the state proceeding would be precluded by res judicata. Id. at 1312. Woods Exploration explained that although the state and federal cases asserted different theories, the causes of action based on the same asserted right of the plaintiff and the same alleged acts of the defendant were identical. Id. at 1313–1314. The same is true in this case. Res judicata would bar the South Carolina litigation. Since there are federal judgments that approve some of the settlements and that control the further litigation of the appellants' cause of action, In re Corrugated Container Antitrust Litigation, 659 F.2d 1322 (5th Cir. 1981); In re Corrugated Container Antitrust Litigation, 659 F.2d 1337 (5th Cir. 1981), the injunction was and is not precluded by 28 U.S.C. § 2283.

Moreover, the policies of federalism are not flouted by this injunction. In this case, the multidistrict court found that attorneys I. Walton Bader, Robert L. Stoddard, and Wesley A. Stoddard "have taken, and manifested an intention to continue to take, actions threatening this court's exercise of its proper jurisdiction and the effectuation of its judgments, by filing and threatening to file duplicative and harassing litigation in the courts of various states and by seeking therein orders disrupting the proceedings in M.D.L. 310." The appellants have not attacked the multidistrict court's characterization of the motivation behind the actions taken by these attorneys. Under these circumstances, the South Carolina court could not be offended by losing the opportunity to entertain an harassing lawsuit.

The second argument raised is that the injunction violates the fifth and tenth amendments to the United States Constitution. In support of this argument, the

South Carolina plaintiffs claim that the South Carolina antitrust law provides for damages measured by the full amount of purchase price, and that deprivation of this favorable treatment of antitrust plaintiffs has deprived them of property without due process of law. We note that a similar argument was raised in the *Adams Extract* case. There, the appellants, Pleasure Hours, Inc., and London Dry, Limited, who are also appellants here, challenged the approval of the settlement on the basis of the tenth amendment. Their contention in that case was rejected as being frivolous. 643 F.2d at 222. It is also frivolous here. There is "nothing in the tenth amendment or its accompanying case law" that prevents the entry of this injunction under the circumstances. *See id.* Although *Adams Extract* did not expressly discuss due process, it did point out that the parties to the multidistrict litigation could protect their state law claims by asserting them as pendent claims in the federal forum. Thus, there is no deprivation of property.

At the conclusion of the appellants' discussion of this argument, they assert that the multidistrict court attempted to overrule the United States Supreme Court in granting the injunction. The reasoning goes that since the Fourth Circuit held the South Carolina District Court had no jurisdiction to set aside its remand order and the Supreme Court denied certiorari, the multidistrict court's effort to stop relitigation in the South Carolina state court tacitly overrules the Supreme Court's denial of certiorari. This is erroneous. Not only is the denial of certiorari without precedential effect, *Hughes Tool Co. v. Trans World Airlines, Inc.,* 409 U.S. 363, 365, 93 S.Ct. 647, 650, 34 L.Ed.2d 577, 581 (1973); *Maryland v. Baltimore Radio Show, Inc.,* 338 U.S. 912, 919, 70 S.Ct. 252, 255, 94 L.Ed. 562 (1950) (opinion of Frankfurter, J.), but also the Fourth Circuit's decision was based on the district court's lack of jurisdiction to recall its remand order, not on the merits of that action. The argument is specious.

In their third point, the South Carolina plaintiffs complain that the multidistrict court's injunction precludes indirect purchasers from bringing suits in state court. They urge that this is particularly egregious since indirect purchasers have no cause of action under federal antitrust laws. The multidistrict court order does not address this issue. The transcript of the hearing on the motion for injunction reveals that the court considered it impractical to enjoin the suit in the South Carolina state court only as to the direct purchasers and to allow it to continue in favor of indirect purchasers. The complaint filed in the South Carolina state court action contains no allegations of an indirect purchaser cause of action. Thus, this argument concerns actions not yet filed, as to which the Anti-Injunction Act does not apply. The arguments of the South Carolina state court plaintiffs that these claims were not before the multidistrict court is similar to their final argument, that since the state claims were not pleaded, the multidistrict court lacked jurisdiction over those claims. These arguments, made without citation, ignore the district court's pendent jurisdiction under *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and the holding of *Woods Exploration,* 438 F.2d at 1315, that "*res judicata* would be applicable if plaintiffs were afforded an opportunity to allege the state grounds which constituted the same cause of action in the federal proceedings."

The order of the district court is

AFFIRMED.