In re **COLUMBIA/HCA HEALTHCARE CORPORATION, BILLING PRACTICES LITIGATION.**

No. 3–98–MDL–1227.

United States District Court,
M.D. Tennessee,
Nashville Division.

April 4, 2000.

Jane Branstetter Stranch, Branstetter, Kilgore, Stranch & Jennings, Nashville, TN, Daniel O. Myers, James M. Hughes, Ness, Motley, Loadholt, Richardson & Poole, Charleston, SC, Mitchell A. Toups, Weller, Green, McGown & Toups, Beaumont, TX, Richard M. Heimann, David Bruce Stellings, Erik L. Shawn, Lieff Cabraser Heimann, San Francisco, CA, for Cordula Boyson, Board of Trustees of the Carpenters & Millwrights of Houston & Vicinity Welfare Trust Fund, Board of Trustees of the Texas Ironworkers' Health Benefit Plan, plaintiffs.

Peter L. Winik, Curtis P. Lu, Mary E. Britton, Lucy G. Clark, Latham & Watkins, Washington, DC, Robert Jackson Walker, W. Scott Sims, Walker, Bryant & Tipps, Nashville, TN, for Columbia/HCA Healthcare Corporation, defendant.

## MEMORANDUM

HIGGINS, District Judge.

The Court has before it the defendant's motion (filed March 10, 2000; Docket Entry No. 150) for emergency injunctive relief to stay state court proceedings and its memorandum (Docket Entry No. 151) in support. Also before the Court is the *Hoop* plaintiffs' response to the defendant's motion (filed March 17, 2000; Docket Entry No. 158).

Pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation transferred multiple cases against Columbia/HCA for illegal billing practices to this Court.[1] The plaintiffs in a Texas state case, *Hoop v. Columbia/HCA Health Corp.*, No. 249–171–97 (Dist.Ct., Johnson County, Texas), bring substantially similar claims against Columbia/HCA as the plaintiffs in the MDL. Both sets of plaintiffs contend that Columbia/HCA and/or its affiliates engaged in a systemic effort to overbill the plaintiffs for healthcare services through unlawful billing techniques such as upcoding and unbundling.

In the case management order (entered September 28, 1998; Docket Entry No. 16), this Court ordered that there "shall be a single document repository for the discovery production in this case." It further stated that, "[t]o the extent practicable and otherwise consistent with this Court's orders, the parties in this action shall use reasonable efforts to coordinate discovery with related state court actions to prevent duplications and conflicts." *Id.* at 10. The MDL plaintiffs and the *Hoop* plaintiffs

---

1. Congress authorized such transfers when the Panel determines that it "will ... promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).

entered a "joint prosecution and confidentiality agreement," in which the MDL plaintiffs agreed that they would share information obtained in discovery with the *Hoop* plaintiffs and vice versa. Under that agreement, the *Hoop* plaintiffs have relied almost exclusively on the MDL plaintiffs for discovery.

The plaintiffs in both cases recently filed nearly identical motions to compel [2] certain documents from Columbia/HCA which were previously produced to the government during an investigation of Columbia/HCA. *See* MDL plaintiffs' motion (filed January 14, 2000; Docket Entry No. 135) to compel Columbia/HCA to produce documents listed on its privilege logs that have already been produced to the United States government; defendant's motion (Docket Entry No. 150) exhibit B. The defendant insists the documents are privileged or subject to protection from discovery under the work product doctrine. The plaintiffs argue that any claim of privilege or protection under the work product doctrine is not applicable as the documents were previously produced to an adversary. The defendant contends that no waiver occurred because it had an agreement with the government at the time it produced the documents that the production did not constitute a waiver of any claim of privilege or protection of work product doctrine.

In its motion for emergency injunctive relief, the defendant asks the Court, under the All Writs Act, 28 U.S.C. § 1651, to enter a preliminary injunction maintaining the status quo in the *Hoop* case while this Court considers the MDL plaintiffs' motion to compel. In the their response (Docket Entry No. 158),[3] the *Hoop* plain-

tiffs contend that the Court is barred from issuing such an injunction by the Anti–Injunction Act, 28 U.S.C. § 2283.

The Court has jurisdiction over this matter under 28 U.S.C. § 1331.

Oral argument was heard on the defendant's motion (Docket Entry No. 150) on March 23, 2000.

For the reasons stated below, the Court shall grant the defendant's motion for emergency injunctive relief.

## I.

The defendant contends that by filing the *Hoop* plaintiffs' motion to compel in state court, the *Hoop* plaintiffs and the MDL plaintiffs are forum shopping and attempting an "end-run around this Court's jurisdiction over the discovery in the MDL." Defendant's memorandum (Docket Entry No. 151) at 3. Accordingly, Columbia/HCA insists that in order to protect its jurisdiction over discovery in this matter, the Court should temporarily enjoin the state court from ruling on the motion under the All Writs Act.

The *Hoop* plaintiffs contend that the Court is prohibited from issuing such an injunction under the Anti–Injunction Act because the case is *in personam* instead of *in rem,* and that the federal courts only have jurisdiction to enjoin state courts to protect their jurisdiction if their jurisdiction over a res is threatened by the state court's action. Additionally, the plaintiffs contend that even if the Court could issue an injunction under the All Writs Act, as the state court has not ruled on their motion to compel, the Court's jurisdiction is not yet in jeopardy and the defendant's motion is untimely.

---

**2.** The only significant difference in the motions to compel is that the *Hoop* plaintiffs discussed the issue of production under Texas law.

**3.** By filing their response (Docket Entry No. 158) the *Hoop* plaintiffs appeared in this Court and resisted the defendant's motion. The counsel for the named plaintiffs in the

MDL did not respond to the defendant's motion, either orally or in writing, other than to state during oral argument that the MDL plaintiffs adopt the *Hoop* plaintiffs' position with respect to the defendant's motion. Despite their appearance in this Court, the *Hoop* plaintiffs have not asked to intervene in this matter.

The All Writs Act states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The Anti-Injunction Act limits the federal court's authority under the All Writs Act to enjoin proceedings in a state court "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This serves as "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of the three specified exceptions." *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234, 240 (1970). In considering whether to enjoin a state court proceeding, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Id.*, 398 U.S. at 288, 90 S.Ct. at 1743–44, 26 L.Ed.2d at 246–47.

The defendant contends that the Court should issue a preliminary injunction in aid of its jurisdiction over discovery in the MDL billing practices action. The "in aid of jurisdiction" exception to the Anti–Injunction Act generally only applies when a case is removed from state to federal court or where a federal court first acquires jurisdiction over real property. *Mitchum v. Foster*, 407 U.S. 225, 234–37, 92 S.Ct. 2151, 2158–59, 32 L.Ed.2d 705, 712–15 (1972); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 819, 96 S.Ct. 1236, 1247, 47 L.Ed.2d 483, 499 (1976).

The United States Court of Appeals for the Sixth Circuit has not addressed whether a district court may issue such an injunction under the All Writs Act to enjoin state court proceedings to protect its jurisdiction over discovery. However, in *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196 (7th Cir.1996), the United States Court of Appeals for the Seventh Circuit determined that a federal court was entitled to do so.

*Winkler* deals with two cases against the drug manufacturer Eli Lilly. One was a federal MDL case and one was a state court case. Mr. Smith was lead counsel in both cases. In the state court case, Mr. Smith and Eli Lilly reached an agreement. They did not disclose the terms of the agreement to the state court judge.

Subsequent to the jury's verdict in the state court case, Mr. Smith moved to withdraw his representation in the federal MDL. The MDL plaintiffs contested his motion to withdraw. They asserted that Mr. Smith's attempt to withdrawal was based on the agreement in the state court case between Mr. Smith and the defendant and moved the court to compel production of the agreement. The district judge granted the motion to withdraw as counsel and denied the plaintiffs' motion to compel discovery of the agreement between Mr. Smith and Eli Lilly.

Instead of appealing the district court's order, the plaintiffs sued Eli Lilly in state court for tortious interference of contract, sued Mr. Smith in state court for breach of fiduciary duty as lead counsel and tried to find out the terms of the agreement through discovery. They subpoenaed Mr. Smith's co-counsel for the admitted purpose of finding out what was in the agreement between Mr. Smith and Eli Lilly.

Before any documents were produced or Mr. Smith's co-counsel appeared, Eli Lilly and Mr. Smith moved the federal district court, under the All Writs Act, for a writ of prohibition enjoining anyone seeking the terms of the agreement through discovery. The district court issued an order stating, "[a]ll plaintiffs in all cases ever included in [the MDL] and all counsel who are or have been of record in MDL 907 are hereby prohibited and enjoined from seeking by any means or any proceedings of any kind in any state or federal court discovery or disclosure of any information" regarding

the agreement between Eli Lilly and the lead attorney. *Winkler*, 101 F.3d at 1200. It specifically barred the plaintiffs from any further action against Mr. Smith and any attempts to subpoena his co-counsel. The plaintiffs appealed to the Seventh Circuit, arguing that the district court's injunction violated the Anti–Injunction Act.

The issue on appeal was "whether a federal court has the authority to issue an injunction to protect the integrity of a discovery order." *Id.* at 1202. The Seventh Circuit found that it did, emphasizing that the district court "reasonably believed that the plaintiffs were resorting to the state courts for the specific purpose of evading its ruling denying discovery" of the agreement. *Id.* The Seventh Circuit stated that:

> The principles of federalism and comity which the Anti–Injunction Act is meant to protect include a strong and long-established policy against forum shopping. The district courts' power to control multidistrict litigation is established by statute, 28 U.S.C. § 1407, and as we have already noted, that with that power comes the duty to exercise it as efficiently as possible. An important aspect of that control is to prevent predatory discovery, especially of sensitive documents, ensuring that litigants use discovery properly as an evidence-gathering tool, and not as a weapon. Indeed, an express purpose of consolidating multidistrict litigation for discovery is to conserve judicial resources by avoiding duplicative rulings. Where a litigant's success in a parallel state court action would make a nullity of the district court's ruling, and render ineffective its efforts effectively to manage the complex litigation at hand, injunctive relief is proper.

*Id.* (internal citations omitted).

Nevertheless, the Court held that injunctions issued to protect the integrity of pretrial orders in multidistrict litigation must be "narrowly crafted to prevent the specific abuses which threaten the court's ability to manage the litigation effectively and responsibly." *Id.* at 1203. Accordingly, the Court found that the district court's injunction was impermissibly overbroad because it covered any person seeking discovery of the agreement, and not just the *Winkler* plaintiffs. The Court determined that the district court only had authority to enjoin those persons who were then part of the MDL or were part of it at the time the district court granted Mr. Smith's motion to withdraw.

■ The *Hoop* plaintiffs insist this supports their contention that the Court cannot issue an injunction against their discovery in state court because they are not parties of the Billing Practices MDL. However, in making its decision, the *Winkler* court cited the decision of the Supreme Court of the United States in *United States v. New York Tel.*, 434 U.S. 159, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977), as establishing that "courts have the authority [under the Anti–Injunction Act] to enjoin non-parties who 'are in a position to frustrate the implementation of a court order.'" *Winkler*, 101 F.3d at 1203, n. 7. Accordingly, the Court will read the Seventh Circuit's holding narrowly. It did not hold that non-parties could not be enjoined, but merely that "[t]he circumstances in the case at bar are simply not appropriate for such a sweeping injunction." *Id.*

As in *Winkler*, the Texas state court in the *Hoop* case could frustrate this Court's case management order by granting the *Hoop* plaintiffs' motion to compel. Accordingly, it is appropriate under the Anti–Injunction Act to enjoin the Texas state court from ruling on the plaintiffs' motion to compel.

■ In reaching its conclusion, the Seventh Circuit further noted that the "where necessary in the aid of jurisdiction" exception to the Anti–Injunction Act generally applies only to parallel state *in rem* actions and not *in personam* actions. The Court addressed whether federal courts could protect their discovery orders in

MDL by enjoining state courts under the All Writs Act even if the case were *in personam* instead of *in rem*. Recognizing that other courts had extended the "where necessary in aid of jurisdiction" exception to the Anti–Injunction Act to apply to "consolidated multidistrict litigation where a parallel state court action threatens to frustrate proceedings and disrupt the orderly resolution of the federal litigation," the Seventh Circuit extended the exception to MDL cases. *Id.* at 1202.[4] It compared MDL to school desegregation cases "where conflicting orders from different courts would only serve to make ongoing federal oversight unmanageable." *Winkler*, 101 F.3d at 1202. Accordingly, as the current case is a MDL, this Court has authority to issue an injunction under the All Writs Act even though it is not a traditional *in rem* action.

■ The Court also finds that the plaintiffs' argument that the Court cannot issue an injunction to protect its jurisdiction because the state court has not yet ruled on their motion to compel must fail. In the case of *United States v. New York Telephone*, the Supreme Court noted that the power conferred by the All Writs Act to enjoin those who could frustrate the implementation of the court's order extends to "even those who have not taken any affirmative action to hinder justice." 434 U.S. at 174, 98 S.Ct. at 373, 54 L.Ed.2d at 390. This case is direct authority for the Court's power under the All Writs Act to issue an injunction against the Texas state

court even before it rules on the *Hoop* plaintiffs' motion to compel.

For the reasons stated above, the Court shall issue a preliminary injunction against the Texas state court[5] prohibiting it from ruling on the *Hoop* plaintiffs' motion to compel.

An appropriate order shall be entered.

### *ORDER*

In accordance with the memorandum contemporaneously entered, the defendant's motion (filed March 10, 2000; Docket Entry No. 150) for emergency injunctive relief to stay state court proceedings is granted.

Accordingly, the District Court for Johnson County, Texas, is hereby preliminarily enjoined from ruling on the plaintiffs' motion, in *Hoop v. Columbia/HCA Health Corp.*, No. 249–171–97 (District Court, Johnson County, Texas), to compel Columbia/HCA to produce certain documents listed on its privilege logs that it has already produced to the United States government.[1]

It is so ORDERED.

---

4. The Court cited cases from the United States Courts of Appeals from the Second, Third and Fifth Circuits that have extended the exception to MDL. *Id.* (citing *Carlough v. Amchem Prod. Inc.*, 10 F.3d 189, 197 (3rd Cir.1993); *In re Baldwin–United Corp.*, 770 F.2d 328, 336 (2nd Cir.1985); *In re Corrugated Container Antitrust Litigation*, 659 F.2d 1332, 1334–35 (5th Cir.1981)). These cases were factually different than both *Winkler* and the instant action in that the parties to the MDL were in settlement negotiations.

5. The Court is enjoining the state court, noting that "it is settled that the prohibition of

§ 2283 cannot be evaded by addressing the order to the parties or prohibiting the utilization of the results of a completed state proceeding" *Atlantic Coast Line*, 398 U.S. at 287, 90 S.Ct. at 1743, 26 L.Ed.2d at 241 (citations omitted).

1. The Clerk is directed to send a copy of this order and the accompanying memorandum to David Lloyd, District Clerk, Johnson County Courthouse, Two North Main Street, Clerburne, Texas 76031, by both certified mail, return receipt requested, and first-class mail.