**Duane CORLEY, et al., Plaintiffs,**

v.

**ENTERGY CORPORATION, et al., Defendants.**

**Douglas C. Dishman, et al., Plaintiffs,**

v.

**Entergy Corporation, et al., Defendants.**

**Case Nos. 1:98–CV–2006, 1:98–CV–2054.**

United States District Court, E.D. Texas, Beaumont Division.

Dec. 18, 2003.

Richard Lyle Coffman, Raymond Lyn Stevens, Stevens Baldo & Freeman LLP, Beaumont, TX, for plaintiffs.

Lawrence Louis Germer, Lawrence James Simmons, Jr., David Lawrence Merkley, Germer Bernsen & Gertz, Paul Anthony Scheurich, Entergy Services Inc., Beaumont, TX, for defendants.

ORDER *DENYING* REPRESENTATIVE PLAINTIFF'S MOTION TO EN-JOIN AND STAY PARALLEL LITI-GATION IN THE LOUISIANA STATE COURT OR, IN THE AL-TERNATIVE, MOTION TO EN-JOIN DEFENDANTS FROM SET-TLING PARALLEL LOUISIANA STATE COURT ACTION WITHOUT LEAVE OF COURT

SCHELL, District Judge.

This matter is before the court on "Representative Plaintiff's Motion to Enjoin and Stay Parallel Litigation in the Louisiana State Court or, in the Alternative, Motion to Enjoin Defendants from Settling Parallel Louisiana State Court Action Without Leave of Court" (Dkt. # 223), filed on December 9, 2003. Defendants did not file a response to the motion. The court held a conference call with the parties regarding the motion on December 17, 2003. After careful consideration, the court is of the opinion that the motion should be DENIED.

## I. BACKGROUND

Pending before the court is a potential class action case that involves numerous state and federal claims against Defendants in connection with Defendants' construction and operation of a 1400–mile fiber optic communications network. Pls.' Fifth Am. Class Action Compl., ¶ 1 (Dkt. # 137). This potential class action case has wound its way through the court's docket for more than five years. Having survived numerous dispositive motions and spent a significant amount of time and money litigating this lawsuit, the plaintiffs now seek class certification. A hearing regarding class certification is scheduled for January 30, 2004. The class, if certified, would include plaintiffs from Texas, Arkansas, Mississippi, and Louisiana. *Id.*, ¶ 64. Additionally, citizens of other states could become class members. *Id.*

In April and August, 2003, however, a different group of Louisiana plaintiffs filed two identical class action lawsuits against Defendants in Louisiana state court regarding the same events giving rise to this lawsuit. Pl.'s Mot. to Enjoin at 2 (Dkt. # 223). These class action lawsuits, however, only allege violations of Louisiana law. *Id.*, Exs. A (Class Action Pet., pp. 1–9) & B (Class Action Pet., pp. 1–9). After learning of these two class action lawsuits, Fear Farms, Inc. ("Fear Farms"), on behalf of itself and all other similarly situated Louisiana landowners in this lawsuit, filed identical petitions in intervention in both lawsuits on October 2, 2003. *Id.*, Ex. E (Pet. of Intervention, p. 1). Later that day, Defendants removed both cases to the United States District Court for the Eastern District of Louisiana. *Id.*, Ex. F (Notice of Removal, p. 1).

Two days later, the plaintiffs in the Louisiana class action lawsuits filed a motion to remand and an alternative motion to sever and remand state law claims. *Id.*, Ex. G (Mot. for Remand and Alternative Mot. to Sever and Remand State Law Claims). On October 20, 2003, Fear Farms filed a motion to transfer the cases to this district pursuant to the "first-to-file" rule. *Id.*, Ex. H (Intervenor–Pl. Fear Farms, Inc.'s Mot. to Transfer Pursuant to the "First–to–File" Rule and Mem. in Support Thereof). One day later, Defendants filed an amended notice of removal. *id.*, Ex. I (Am. Notice of Removal). On November 5, 2003, the Eastern District of Louisiana entered an order remanding both cases and thus mooting Fear Farms's

motion to transfer. *Id.*, Ex. J (Order, p. 5). The state district court to whom the cases were remanded denied Defendants' motion to stay the proceedings and scheduled a hearing on Plaintiffs' class certification motions for December 23, 2003. *Id.* at 5.

Now pending before the court is Fear Farms's motion to enjoin the two Louisiana class action lawsuits under the All Writs Act or, in the alternative, enjoin Defendants from settling the two Louisiana class action lawsuits without the court's leave and approval. *Id.* at 1.

## II. DISCUSSION

Under the All Writs Act, federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (2000). The powers federal courts have under the All Writs Act are extraordinary yet "firmly circumscribed." *ITT Cmty. Dev. Corp. v. Barton,* 569 F.2d 1351, 1358 (5th Cir.1978). Specifically, the All Writs Act is limited by the Anti–Injunction Act, which provides that federal courts "may not grant an injunction to stay proceedings in a State court *except as expressly authorized by Act of Congress,* or *where necessary in aid of its jurisdiction,* or *to protect or effectuate its judgments.*" 28 U.S.C. § 2283 (2000) (emphasis added).

Federal courts cannot enjoin state court proceedings unless an injunction fits precisely within one of the Anti–Injunction Act's three designated exceptions. *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 286, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). Because the Anti–Injunction Act embodies "the overarching principle that federal courts are to be cautious about infringing on the legitimate exercise of state judicial power," *Texas v. United States,* 837 F.2d 184, 186 (5th Cir.1988) (citation omitted), "the [three] exceptions should not be enlarged by loose statutory construction." *Atl. Coast Line R.R. Co.,* 398 U.S. at 287, 90 S.Ct. 1739. Any doubts regarding the propriety of a federal injunction counsel against injunction; state courts should be allowed to "proceed in an orderly fashion to finally determine the controversy." *Id.* at 297, 90 S.Ct. 1739.

 The parties agree that only the "necessary in aid of its jurisdiction" exception as stated in both the All Writs Act and the Anti–Injunction Act applies.[1] Courts have construed this exception quite narrowly, "finding a threat to the court's jurisdiction only where a state court proceeding threatens to dispose of property that forms the basis for federal in rem jurisdiction ... or where the state proceeding threatens the continuing superintendence by a federal court, such as in a school desegregation case." *Texas,* 837 F.2d at 187 n. 4 (citations omitted).[2] An

1. Because the All Writs Act contains the same language as the second exception to the Anti–Injunction Act, "the parallel 'necessary in aid of jurisdiction' language is construed similarly in both the All Writs Act and the Anti–Injunction Act." *Newby v. Enron Corp.,* 302 F.3d 295, 301 (5th Cir.2002) (footnote omitted).

2. *See also Royal Ins. Co. of Am. v. Quinn–L Capital Corp.,* 960 F.2d 1286, 1299 (5th Cir. 1992) (concluding "that the district court should have limited the scope of the injunc-

tion to relitigation of the coverage issue and that its injunction of the post-declaratory judgment claims was improper"); *Phillips v. Chas. Schreiner Bank,* 894 F.2d 127, 132 (5th Cir.1990) (finding the district court's injunction improper); *Northfield Ins. Co. v. Odom Indus., Inc.,* 119 F.Supp.2d 631, 635–36 (S.D.Miss.2000) (denying motion to enjoin); *Zewe v. Law Firm of Adams & Reese,* 852 F.Supp. 516, 522 (E.D.La.1993) (denying motion to enjoin).

injunction must be "directed at conduct which, left unchecked, would have had the practical effect of diminishing the court's power to bring the litigation to a natural conclusion." *ITT Comm. Dev. Corp.*, 569 F.2d at 1359 (footnote omitted).

Courts in this circuit have issued injunctions under the "necessary in aid of its jurisdiction" exception to the Anti–Injunction Act and the All Writs Act only in exceptional circumstances, when "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line R.R. Co.*, 398 U.S. at 295, 90 S.Ct. 1739.[3] Federal courts should not, however, enjoin state courts under the "necessary in aid of its jurisdiction" exception "merely because ... a concurrent state proceeding might result in a judgment inconsistent with the federal court's decision." *Texas*, 837 F.2d at 187 n. 4 (citation omitted); *see also Royal Ins. Co. of Am.*, 960 F.2d at 1299. Section 2283 mandates a significant reluctance to enjoin state courts. *T. Smith & Son, Inc. v. Williams*, 275 F.2d 397, 405–06 (5th Cir.1960).

Citing cases from other circuits and one case from this circuit,[4] Fear Farms argues that this court should enjoin the Louisiana litigation under the All Writs Act because the representative plaintiffs, defendants, and this court have invested significant time and resources litigating this case. Pl.'s Mot. to Enjoin at 10. Repeating the views of two commentators,[5] Fear Farms also contends that the court should enjoin a competing state class action to prevent the Louisiana plaintiffs from settling with Defendants and undercutting the plaintiffs before this court. *See id.* at 6–7. The first argument does not, by itself, justify an injunction under the All Writs Act or the "necessary in aid of its jurisdiction" exception to the Anti–Injunction Act. *See Royal Ins. Co. of Am.*, 960 F.2d at 1299.

The second argument is also unavailing. Though its merits may well be a topic of discussion among members of the legal community, that argument does not fit within the "necessary in aid of its jurisdiction" exception as interpreted by this circuit. One district court in this circuit declined to conclude that the "necessary in aid of its jurisdiction" exception applies when there is a state court proceeding that will interfere with a federal class action. *See Zewe*, 852 F.Supp. at 522. Judicial restraint is also necessary here. *Cf. Royal Ins. Co. of Am.*, 960 F.2d at 1300 ("Although we are sympathetic, we cannot allow the exceptions to be stretched beyond their justifications."). Mindful that federal courts construe the "necessary in aid of its jurisdiction" exception narrowly, *id.*, and enjoin state court proceedings very rarely, *see id.*, this court declines to adopt an overly expansive interpretation of the "necessary in aid of its jurisdiction" exception to the Anti–Injunction Act.

Citing cases from other circuits,[6] Fear Farms argues that the court should enjoin

---

3. *See Newby*, 302 F.3d at 302–03; *In re Corrugated Container Antitrust Litig.*, 659 F.2d 1332, 1333–34 (5th Cir. Unit A Oct.1981); *Guerra v. Texaco Exploration & Prod., Inc. (In re Lease Oil Antitrust Litig. (No.II))*, 48 F.Supp.2d 699, 702–04 (S.D.Tex.1998).

4. Pl.'s Mot. to Enjoin at 10 (citing *In re Diet Drugs*, 282 F.3d 220, 235 n. 12 (3d Cir.2002); *In re Baldwin–United Corp.*, 770 F.2d 328, 337 (2d Cir.1985); *In re Corrugated Container An-*

*titrust Litig.*, 659 F.2d 1332, 1334–35 (5th Cir. Unit A Oct.1981)).

5. *Id.* at 6–7 (citing Rhonda Wasserman, *Dueling Class Actions*, 80 B.U.L.Rev. 461, 473–74 (2000); Andrew S. Weinstein, Note, *Avoiding the Race to Res Judicata: Federal Antisuit Injunctions of Competing State Class Actions*, 75 N.Y.U. L.Rev. 1085, 1091 (2000)).

6. Pl.'s Mot. to Enjoin at 10 (citing *In re Diet Drugs*, 282 F.3d 220, 235 n. 12 (3d Cir.2002);

the two Louisiana class action lawsuits because this case is so developed that it is "the virtual equivalent of a res over which this court has control." Pl.'s Mot. to Enjoin at 10. Thus, Fear Farms argues that the court should approve this analogy and conclude that a lengthy, complicated class action lawsuit analogically establishes *in rem* jurisdiction. *Id.* Following this argument to its logical conclusion, the court should enjoin the two Louisiana class action lawsuits under the "necessary in aid of its jurisdiction" exception to the Anti–Injunction Act. *Id.* at 10–11. Fear Farms, however, cites no Fifth Circuit cases in which the court approved this analogy and issued an injunction. Indeed, this circuit has declined to expressly approve this unique, creative argument. *See Royal Ins. Co. of Am.*, 960 F.2d at 1299. The court now does the same in this case.

"An *in rem* action is brought against 'property alone, treated as responsible for the claims asserted by . . . the plaintiffs.' " *Phillips*, 894 F.2d at 132 (citation omitted) (alteration in original). Interpreting a lengthy, complicated class action lawsuit as the practical equivalent of a *res* over which this court has control, however, would defy this circuit's strict interpretation of the "necessary in aid of its jurisdiction" exception to the Anti–Injunction Act. *See Texas*, 837 F.2d at 187 n. 4. The court declines Fear Farms's invitation to adopt a more expansive interpretation of this exception to the Anti–Injunction Act.

The powers given to district courts under the All Writs Act are extraordinary and thus must be exercised only in extraordinary circumstances. *See ITT Cmty. Dev. Corp.*, 569 F.2d at 1358–59. Moreover, the All Writs Act provides courts with "those writs necessary to the preservation or exercise of its subject matter jurisdiction." *Id.* at 1359. This circuit, however, has not found that the possibility that a state court might reach a judgment inconsistent with a federal court's decision constitutes extraordinary circumstances. *See Royal Ins. Co. of Am.*, 960 F.2d at 1299; *Texas*, 837 F.2d at 187 n. 4. To the contrary, "courts . . . normally lack the power to enjoin absent class members (or their attorneys) from bringing suit in another forum." *In re Lease Oil Antitrust Litig. (No II)*, 48 F.Supp.2d at 706 (quotation omitted) (alteration in original).

It may well be that the attorneys who filed the two Louisiana class action lawsuits did so in a deliberate attempt to avoid federal district court. The court cannot, however, "question the filing of suits tailored to avoid federal jurisdiction." *Newby*, 302 F.3d at 303. Indeed, "[t]he parallel exercise of state and federal judicial power is inherent in our government of dual sovereignty." *Id.* Having reviewed the relevant pleadings, the court concludes that the attorneys in the two Louisiana class action lawsuits likely copied or at least drew upon the class action complaints filed in this case.[7] Nevertheless, these

---

*Wesch v. Folsom*, 6 F.3d 1465, 1470 (11th Cir.1993); *Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877, 882 (11th Cir.1989); *In re Louisiana–Pacific Inner–Seal Siding Litig.*, 234 F.Supp.2d 1170, 1179 n. 7 (D.Or.2002)).

7. *Compare* Pls.' Fifth Am. Class Action Compl., ¶ 33 ("To date, the Defendants have fraudulently concealed from the Representative Plaintiffs and Class members the existence of the Network, and its use for purposes other than the transmission of electricity and

internal [ ] communications."), *and id.* ("The Defendants also have failed to compensate the Representative Plaintiffs and Class members for the unauthorized and unlawful use of their land."), *with* Pl.'s Mot. to Enjoin, Ex. A (Class Action Pet., ¶ 8) ("Defendants have fraudulently concealed from the plaintiff and Class members the existence of and uses of this fiber optic network. Defendants have also failed to compensate plaintiffs and the Class

actions do not resemble the attorney misconduct in other cases where this circuit approved an injunction. Because the two Louisiana class action lawsuits threaten neither the preservation nor the exercise of this court's subject matter jurisdiction, enjoining the two Louisiana class action lawsuits under either the All Writs Act or the "necessary in aid of its jurisdiction" exception to the Anti–Injunction Act would be improper. Fear Farms's motion to enjoin two Louisiana class actions under the All Writs Act is accordingly DENIED.[8]

Finally, Fear Farms asks the court to enjoin Defendants under the All Writs Act from settling the Louisiana state court class actions without the court's leave and approval. Pl.'s Mot. to Enjoin at 12–13. Fear Farms cites cases from other circuits and one case from this circuit for the proposition a district court *may* enjoin parties over whom it has personal jurisdiction from entering into a settlement in state court.[9] The court first notes that both the Third Circuit in *In re General Motors Corp.* and the Tenth Circuit in *Hillman* plainly stated that proposition in dictum.[10] Moreover, this court is bound by the holdings of the Fifth Circuit Court of Appeals, not the Third or Tenth circuits.

In *In re Lease Oil Antitrust Litigation (No. II)*, however, the district court utilized the All Writs Act and enjoined the defendants over whom the court had personal jurisdiction from entering into a settlement agreement in state court. 48 F.Supp.2d at 704–07. In that case, consolidated multidistrict litigation was pending in the Southern District of Texas. *Id.* at 702. Notably, the only claims pending against the defendants were federal antitrust claims. *Id.* at 702–03. A separate group of plaintiffs agreed in state court to a global settlement with one of the defendants of all federal and state law antitrust claims. *Id.* at 701. The Southern District wanted to ensure that the plaintiffs in federal court would not have their only claims undermined by an unreasonably low settlement in state court. *See id.* at 707. The court in *In re Lease Oil* thus enjoined all remaining defendants from settling federal antitrust claims in state court without notice to and approval by the court. *Id.* at 701, 707.

Here, however, the circumstances are different. Any settlement between Defendants and the Louisiana plaintiffs in the two Louisiana class action lawsuits would

---

members for the unauthorized and unlawful use of their lands.").

8. *Corrugated Container* does not mandate a different result. There, the district court approved "settlements executed between the class plaintiffs and most of the defendants." 659 F.2d at 1335. Some class plaintiffs, however, filed class actions in South Carolina state court. *Id.* at 1333–34. The Fifth Circuit viewed the South Carolina class actions as a direct threat to a prior federal settlement. *Id.* at 1335. Consequently, the court found the injunction proper. *Id.* Because no settlement has occurred in this case, the concerns that were present in *Corrugated Container* do not exist here.

9. *Id.* at 12 (citing *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 134 F.3d 133, 141 n. 2 (3d Cir.1998); *Hill-*

man v. Webley, 115 F.3d 1461, 1469 (10th Cir.1997); *Guerra v. Texaco Exploration & Prod., Inc. (In re Lease Oil Antitrust Litig. (No.II))*, 48 F.Supp.2d 699, 705 (S.D.Tex. 1998)).

10. *In re Gen. Motors Corp.*, 134 F.3d at 141 n. 2 (*"It is conceivable* that we could direct the district court to enjoin those 200 plaintiffs from pursuing their state damage remedies in Louisiana." (emphasis added)); *Hillman*, 115 F.3d at 1469 ("The district court undoubtedly had the authority under the All Writs Act to enjoin parties before it from pursuing conflicting litigation in the state court, *but unfortunately it did not pursue that route.*" (emphasis added)).

at most affect the claims of the potential Louisiana class members before this court. Moreover, such a settlement would not affect the claims of the Texas plaintiffs before this court as well as the claims of potential class members who reside in other states. Thus, the justification for the district court's injunction in *In re Lease Oil*—the threat of a global settlement in state court that would in turn extinguish the claims of *all* plaintiffs in federal district court—does not exist here. Overall, the exigent circumstances in *In re Lease Oil* are not present here. Fear Farms's motion to enjoin Defendants from entering into a settlement with the plaintiffs in the Louisiana class actions without the court's leave and approval is consequently DENIED.

It is so ORDERED.